IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA RODRIGUEZ, by RICHARD M. FOGEL, TRUSTEE,  )<br>)<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>CITY OF CHICAGO,   )<br>)<br>Defendant.   ) | No. 08 C 4710<br><br>Judge Joan Humphrey Lefkow<br>Magistrate Judge Nan R. Nolan |

### MEMORANDUM OPINION AND ORDER

In this lawsuit, Plaintiff Teresa Rodriguez, by Richard M. Fogel, Trustee, charges her former employer, Defendant City of Chicago, with violating her rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611, *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Currently before the court is a motion from one of Plaintiff's treating physicians, John H. Burke, M.D., seeking to recover a reasonable fee for his time spent providing deposition testimony. For the reasons stated below, the motion is denied.

### BACKGROUND

Plaintiff claims to have serious health conditions and disabilities as required to recover under the FMLA and ERISA. During her deposition, Plaintiff identified John H. Burke, M.D., of Consultants in Cardiology & Electrophysiology, as a treating cardiologist. On May 14, 2009, Defendant issued Dr. Burke a subpoena for his deposition, along with a statutory witness attendance fee of $40. 28 U.S.C. § 1821. On June 3, 2009, Dr. Burke's counsel sent Defendant a written request for compensation at his customary rate of $450 per hour. Dr. Burke subsequently appeared for his deposition on June 18, 2009 and provided testimony for 90 minutes, but by letter dated June 24, 2009, Defendant refused to pay him more than the statutory fee.

Dr. Burke has now filed a motion to compel reasonable compensation for his time, arguing that he is entitled to payment as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(A).

Plaintiff and Defendant both object to the motion, noting that Dr. Burke has not been identified as an expert witness in this case.

## **DISCUSSION**

The instant dispute turns on whether a treating physician who has not been named as an expert witness is nonetheless entitled to a reasonable fee under Rule 26. The Seventh Circuit has identified three types of witnesses for purposes of Rule 26(a): (1) fact witnesses; (2) experts who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence ("FRE"); and (3) experts who have been retained or specially employed to provide expert testimony. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004). A party seeking discovery from an expert witness must "pay the expert a reasonable fee for time spent," unless "manifest injustice would result." FED. R. CIV. P. 26(b)(4)(C)(i); *Gwin v. American River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007).

Dr. Burke argues that, because he is a medical doctor, any testimony he may provide constitutes expert testimony within the meaning of FRE 702. In support of this position, Dr. Burke cites *Hoover v. United States*, No. 01 C 2372, 2002 WL 1949734 (N.D. Ill. Aug. 22, 2002), in which the court held that the plaintiff's treating physicians fell "squarely within the meaning of the term 'expert'" as used in Rule 26. *Id.* at *1. In reaching this conclusion, the court opined that treating physicians are persons who may "present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence" because they have "special insights by virtue of [their] training that will inform the factual testimony [they] will offer at trial." *Id.* at *8. The court thus determined that "if a party intends to offer such evidence at trial through the treating physician's testimony, then Rule 26 treats the physician as a non-retained occurrence witness expert, so long as he or she is identified and disclosed pursuant to . . . Rule 26(a)(2)(A)." *Id.* The plaintiff did disclose all three of her doctors as persons who might give expert testimony and, thus, the court found them entitled to a reasonable fee for their deposition testimony. *Id.* at *1. *See also Weinberg v. Minnesota Mut. Life*

*Ins. Co.*, No. 01 C 7576, 2002 WL 31749180, at *1 (N.D. Ill. Dec. 3, 2002) (expert who "may present evidence" under FRE 702, 703 or 705 was entitled to a reasonable expert fee for his deposition).

Plaintiff and Defendant both object to paying Dr. Burke as a Rule 26(a)(2)(A) expert, stressing that neither party has identified him as such. (Pl. Resp. ¶¶ 2, 3; Def. Resp., at 1.) In these circumstances, Defendant argues, the case is more analogous to *Demar v. United States*, 199 F.R.D. 617 (N.D. Ill. 2001), in which it was "undisputed that Dr. Beigler, as a treating physician, is a fact witness and not an expert witness in the case *sub judice*." *Id.* at 618. The court declined to "single[] out the medical profession for special treatment," and held that "fact witnesses - *independent of their profession* - receive compensation at the statutory fee of $40." *Id.* at 619-20 (emphasis in original).

Contrary to Dr. Burke's assertion, "[a] treating physician is not automatically an 'expert' witness simply because he is a doctor." *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 876 (N.D. Ill. 2001). Rather, testimony constitutes expert testimony when it "goes beyond the scope of treatment and the observations of the treating physician." *Dereak v. Don Mattox Trucking, LLC*, No. 06-3123, 2007 WL 3231417, at *5 (C.D. Ill. Oct. 30, 2007). Here, the parties agree that Dr. Burke will not be called upon to provide any such expert testimony. Indeed, unlike the physicians in *Hoover* and *Weinberg*, Dr. Burke has not been identified either as a person with knowledge under Rule 26(a)(1), or as an expert pursuant to Rule 26(a)(2)(A). *Cf. Hoover*, 2002 WL 1949734, at *8 (treating physician is an expert witness "so long as he or she is identified and disclosed pursuant to . . . Rule 26(a)(2)(A)."); *Weinberg*, 2002 WL 31749180, at *2 (where the plaintiff's Rule 26(a)(1) disclosures included admitted experts and there were no Rule 26(a)(2) disclosures, individual who was expected to present evidence under FRE 702, 703 or 705 was deemed an expert).

Dr. Burke makes much of the fact that Defendant did not provide the court with a copy of his deposition transcript, speculating that "[m]any of the questions must have called for expert testimony." (Burke Reply, at 4-5.) The court, however, declines to find Dr. Burke a Rule 26 "expert"

based on speculation and conjecture. Significantly, both parties characterize Dr. Burke's testimony as factual, and courts have found that "[f]or a treating physician, testimony about what the physician actually observed and what treatment he provided are not matters outside the ken of the average juror, so Rule 702 and the disclosure obligations of Rule 26(a)(2)(A) are not triggered." *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 859 (N.D. Ill. 2001). *See also Tzoumis*, 168 F. Supp. 2d at 876 ("A treating physician that has not been previously disclosed as an expert may still testify regarding his observations made during the course of treatment and on matters in his personal knowledge.")

The court accepts the parties' representation that they will not call Dr. Burke as an expert witness under Rule 26. The parties are advised to review *Musser* and its progeny to ensure that, in utilizing Dr. Burke's testimony, they comply with any pertinent restrictions as to its scope. Dr. Burke has already received the statutory witness fee of $40 for his deposition testimony, and he is not entitled to further compensation at this time.

## **CONCLUSION**

For the reasons set forth here, Respondent John H. Burke, M.D.'s Motion to Compel Reasonable Compensation for Providing Expert Testimony [77] is denied.

ENTER:

Dated: August 5, 2009

*Nan R. Nolan*
_____
NAN R. NOLAN
United States Magistrate Judge